## Asa Finch v. William F. Brian.

*Trespass for eating meat not paid for.*

Trespass does not lie for eating a portion of some meat furnished by a dealer but not paid for, and returned, so far as unimpaired, on account of a disagreement as to the price.

Case made from Kent. Submitted October 26. Decided October 27.

Trespass. Defendant Brian was arrested on a justice's warrant issued upon the affidavit of Finch, who declared orally for trespass in taking and carrying away a quantity of beef and leaf tallow, and for damages in time spent by him in carrying the beef to and from defendant's home, and for other wrongs. It appeared that plaintiff had announced to some of his neighbors that he was going to kill some beef which he wanted to sell, and asked who would have some. A number of them including defendant, promised to take quarters, and on asking what the price would be, defendant was told that it would be the same as they got from other folks—or whatever the market price was at the time of delivery. Finch soon after delivered a quarter of beef at Brian's house in the latter's absence, and Brian ate some of it for his supper. But next day Finch charged him six cents a pound for the beef, and having discovered that the highest market price was only four cents, he notified Finch to take it away.

Defendant did take away what was left, and sold it, abating fifty cents from the price because it had been cut, and throwing in three pounds of other beef and tallow at six cents a pound. The abatement of fifty cents and the value of the beef and tallow constitute the pecuniary damages suffered. He recovered his damages and costs in the justice's court, and on appeal to the circuit recovered a verdict of seventy-four cents damages. The judge refused certain requests to charge based on the theory that trespass would not lie for an injury to property out of plaintiff's possession, and told the

jury that it was for them to determine whether there had been a sale on credit which would pass the title to the beef, or whether there had been any sale whatever; in response to a request from defendant's counsel to charge the jury as to who must have done the act complained of, he said : " I think the defendant must have committed the act, or advised it to be done, and I think further that if he, knowing that this beef had been cut off, and it was served up to him, and he proceeded to masticate a portion of it, I think that is trespass itself, provided of course, the ownership was as heretofore stated." Judgment was rendered for plaintiff for the amount of damages assessed with costs of suit.  Reversed.

*S. S. Chipman* for plaintiff in error.  Trespass lies for damage done to property by a bailee : Cooley on Torts 439 ; Benjamin on Sales, § 2 ; *Hunt v. Wyman* 100 Mass. 196.

*Frank L. Carpenter* for defendant in error.

MARSTON, C. J.  Under the facts in this case the plaintiff was not entitled to recover.  No extended discussion is necessary.

The judgment must be reversed with costs of both courts.